**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 24 CR 220-4** |
| | ) | |
| **NILESH PATEL,** | ) | **The Honorable** |
| | ) | **Mary M. Rowland,** |
| **Defendant.** | ) | **Presiding Judge** |

**DEFENDANT NILESH PATEL'S SENTENCING MEMORANDUM**

Now comes the defendant, NILESH PATEL, by and through his attorney, GREGG L. SMITH, and respectfully requests that this Honorable Court, in light of *Gall v. United States*, 552 U.S. 38 (2007) and the factors set forth in 18 U.S.C. § 3553(a), sentence him to time served or, in the alternative, probation, which would be a sentence which is sufficient, but not greater than necessary to comply with the purposes of sentencing.[1] In support, the following is offered:

**Introduction**

By the time Nilesh Patel comes before this Honorable Court for sentencing it will have been nearly two years since the scheme ended. In this time, he has also reflected on the decisions he has made leading to his arrest, being charged, pleading guilty, his upcoming sentencing, and his future. Mr. Patel understands in no uncertain terms that the actions that brought him before this Honorable Court were wrong and he has readily accepted full responsibility for his transgression. He is extraordinarily humbled, contrite, and deeply ashamed with himself. And yet, he is burdened with fear and uncertainty as to his future.

[1] The Sentencing Recommendation from Probation is for time served and placement on supervised release for a term of one year.

Taking together the nature and circumstances of the instant offense, his personal history and characteristics, and other Section 3553(a) factors, Nilesh Patel respectfully asks this Honorable Court to sentence him to sentence him to time served or, in the alternative, probation, which would be a sentence which is sufficient, but not greater than necessary to comply with the purposes of sentencing.

**Sentencing Considerations Pursuant to 18 U.S.C. § 3553(a) Supporting a Below-Guidelines Sentence**

This Court maintains unfettered discretion to fashion a sentence that punishes the offender, as opposed to just the crime. *Pepper v. United States*, 131 S.Ct. 1229, 1240 (2011); *United States v. Ramirez-Mendoza*, 683 F.3d 771, 777 (7th Cir. 2012). After first calculating the applicable sentencing range, district courts are then tasked with imposing a sentence that is reasonable under 18 U.S.C. § 3553(a). However, because sentencing guidelines ranges are not to be presumed reasonable, this Court must consider whether they actually conform to the particular circumstances of the case. *Nelson v. United States*, 555 U.S. 350 (2009) (*per curiam*); *United States v. Dean*, 414 F.3d 725, 730-31 (7th Cir. 2005). So long as the selected sentence is "rooted in § 3553(a), sufficiently individualized to the circumstances of [the] case, and generally associated with sentencing leniency[,]" a below guidelines sentence is appropriate. *United States v. Wachowiak*, 496 F.3d 744, 745 (7th Cir. 2007).

In fashioning his sentence that is sufficient but not greater than necessary, Nilesh Patel respectfully asks this Court to consider the nature and circumstances of the offense, his personal history and characteristics, and the collateral consequences he faces as a result of his poor judgment that led to his criminal conduct.

**a. Advisory Guideline Range**

A sentencing court's inquiry begins by calculating the defendant's advisory Guideline range. *United States v. Schroeder*, 536 F.3d 746, 755 (7th Cir. 2008). According to the PSR, Mr. Patel's advisory Guideline sentence was calculated as follows:

| | |
|---|---|
| Base Offense Level §§2L2.2(a); 2X1.1(a) | 8 |
| Acceptance of Responsibility §3E1.1(a) | - 2 |
| Zero Criminal History Points §4C1.1(a) | - 2 |
| Total Offense Level (PSR ¶¶ 20-33) | 4 |

As noted above, Nilesh Patel has zero criminal history points, placing him in criminal history Category I. (PSR ¶ 33)

Coupling the resulting anticipated offense level of 4 with a criminal history category of I, Mr. Patel's advisory sentencing range is 0-6 months.

However, not all sentences within the guideline range are reasonable. *See United States v. Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005) ("[T]he sentencing judge may not rest on the guidelines alone, but must, if asked by either party, consider whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors . . . He cannot treat all sentences that would fall within the guidelines sentencing range as reasonable per se.")

Nilesh Patel respectfully asks this Court to exercise its discretion, in accordance with the § 3553(a) factors, USSG § 5C1.1, and *Gall*, to depart from this advisory guideline range and sentence him to sentence him to time served or, in the alternative, probation, which would be a sentence which is sufficient, but not greater than necessary to comply with the purposes of sentencing.

**b. Nature and Circumstances of the Offense**

Nilesh Patel recognizes that this is a serious offense, and he fully accepts responsibility for

his transgression. The extent of the offense conduct has been accurately set forth in the Presentence Investigation Report and the Government's Sentencing Memorandum. We anticipate no further aggravating matters will be introduced.

The PSR indicates that on July 17, 2025, Mr. Patel pled guilty to Count One of the Indictment pursuant to a written plea agreement.

**c. Personal History and Characteristics**

Mr. Patel is currently 33 years old. He was born on January 4, 1992, in India, to the marital union of Natvarla Patel and Chandri Kaben. (PSR ¶ 39) Nilesh's father is 66 years old , lives in Greenville, South Carolina, and works in a grocery store. (PSR ¶ 39) Nilesh's mother is 60 years old, lives in India, but has been in the United States since February 2025 visiting Nilesh's brother in Evansville, Indiana. (PSR ¶ 39) Nilesh has a good relationship with his parents and maintains frequent contact with them. (PSR ¶ 39) Nilesh currently lives with his father in Greenville, South Carolina. (PSR ¶ 43)

Nilesh has two siblings: Hedal Patel is 39 years old and lives in Easley, South Carolina, Urdip Patel 35 years old and lives in Evansville, Indiana. (PSR ¶ 40) Nilesh maintains frequent contact with his siblings and they have been supportive of him during the pendency of this case. (PSR ¶ 40)

Nilesh Patel earned an undergraduate degree in electrical engineering from a college/university in India in 2013. (PSR ¶ 56) Nilesh came to the United States on November 10, 2016, and was admitted to the United States on an F-1 non-immigrant student visa. (PSR ¶ 44) Nilesh attended California State University in Los Angeles, California, and earned a master's degree in electrical engineering. (PSR ¶ 56)

**d. Deterrence, Just Punishment, and Other Policy Considerations**

This Court is inherently tasked with an incredibly difficult decision as to what a just punishment is for any given defendant. While the sentencing guidelines work as a "starting point" and benchmark in sentencing, on their face, they fail to accurately illustrate the reality of the crime of conviction. An appropriate sentence in this case would be probation.

The goal of sentencing is to impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in § 3553(a)(2). Through this "parsimony provision," the Court is to impose a sentence that is the *minimum* necessary to accomplish those goals set forth in paragraph (2).

Application Note 10 to USSG § 5C1.1 states:

> **Zero-Point Offenders in Zones A and B of the Sentencing Table.** If the defendant received an adjustment under §4C1.1 (Adjustment for Certain Zero-Point Offenders) and the defendant's applicable guideline range is in Zone A or B of the Sentencing Table, a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3), is generally appropriate. *See* 28 U.S.C. § 9949(j).

Nilesh Patel's conduct in this case has already resulted in certain punishment, a federal felony conviction, which will affect him for the rest of his life, and deportation. Mr. Patel does not attempt to deprecate the seriousness of his offense. As someone who has never been subjected to a term of imprisonment (nor charged with a crime), any sentence will undoubtedly have a severe impact on Nilesh, certainly more so than someone previously subjected to imprisonment. *See United States v. Baker*, 445 F.3d 987, 990-92 (7th Cir. 2006)(upholding downward variance based on the fact that "a prison term would mean more to [a defendant who has never been incarcerated before] than to a defendant who previously has been imprisoned."). And while the sentencing must reflect the seriousness of the offense in an effort to deter others from committing similar offenses, Mr. Patel's sentence should not be one that is merely used as an example for others.

The sentence Mr. Patel is requesting of the Court is a serious one, befitting the offense of conviction. As the *Gall* Court observed, a felony conviction and a sentence of probation constitutes a serious punishment.

While custodial sentences are qualitatively more severe than probationary sentences of equivalent terms, offenders sentenced to probation are nonetheless subject to conditions which restrict their liberty. *See United States v. Knights*, 534 U.S. 112, 119, 122 S.Ct. 587 (2001) (inherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled). For example, probationers may not leave the judicial district, move, or change jobs without notifying, and, in some instances, receiving permission from their probation officer or the court. *Id.* In addition, they must report regularly to their probation officers, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking. *See* U.S.S.G. § 5B1.3. Furthermore, most probationers are also subject to individual "special conditions" imposed by the court. Finally, a probationer always faces the possibility of harsh consequences if a condition of his probationary term is violated. *See* Advisory Council of Judges of National Council on Crime and Delinquency, Guides for Sentencing 13-14 (1957) (probation is not merely letting an offender off easily).

A sentence of time served or, in the alternative, probation in this case would not deprecate the seriousness of the offense and would provide adequate specific and general deterrence. *See Gall*, 552 U.S. at 54.

Mr. Patel has spent the past two years reflecting upon the mistake he made to land himself in this precarious position. For these reasons, Mr. Patel respectfully requests to be sentenced to time served or, in the alternative, probation, which would be a sentence which is sufficient, but not greater than necessary to comply with the purposes of sentencing.

In addition, as the Court is more aware of than most in society, a federal conviction is a stigma that blights a life forever and has serious and severe consequences on not just Mr. Patel, but also his family.[2] Such punishment provides a permanent reminder of Nilesh's wrong doing, and, for Nilesh, carries a high degree of guilt and shame.

Thus, given the absence of criminal history, we respectfully request that he be sentenced to time served or, in the alternative, probation.

**CONCLUSION**

This Court maintains significant discretion to not only craft a reasonable, appropriate sentence pursuant to the Guidelines, but to consider the totality of circumstances surrounding the individual involved, including, among other factors, the nature and circumstances surrounding Nilesh Patel's conviction, his personal history and characteristics, as well as the long-standing collateral consequences the current matter will have on him. The foregoing considerations outlined in this submission show only a small portion of who Nilesh Patel is. The conduct that placed him before this Court was not driven by any sort of evil malice; it was not motivated by any sort of malevolence or other ulterior motive. Rather, it was a stupid decision – a decision that has already, and will continue, to adversely affect the rest of his life. In sentencing Mr. Patel to time served or, in the alternative, probation, this Court would accomplish the goals of sentencing by punishing the individual – not the crime – to a sentence that is sufficient, but not greater than necessary. *See*

---

[2] The stigma of being labeled a federal felon is profound. *United States v. Smith,* 683 F.2d 1236, 1240 (9th Cir. 1982) ("The stigma of a felony conviction is permanent and pervasive."); *see also* Michelle Alexander, The New Jim Crow (Paperback ed. The New Press 2012) at page 94 ("Once a person is labeled a felon, he or she is ushered into a parallel universe in which discrimination, stigma, and exclusion are perfectly legal." *Id.* at page 163 ("When someone is convicted of a crime today, their 'debt to society' is never paid."); and *United States v. Wuff,* 758 F.2d 1121, 1125 (6th Cir. 1985) ("a felony conviction irreparably damages one's reputation.").

*Pepper*, 131 S.Ct. at 1240.

Respectfully submitted,

/s/ Gregg L. Smith
Gregg L. Smith
Attorney for Nilesh Patel

Gregg L. Smith
205 W. Randolph Street
Suite 1700
Chicago, IL 60606
(312) 629-1778

**CERTIFICATE OF SERVICE**

I, Gregg L. Smith, the attorney for Defendant Nilesh Patel, hereby certify that I filed the above-described document on the CM-ECF system of the United States District Court for the Northern District of Illinois, which constitutes service of the same.

Respectfully submitted,

/s/ Gregg L. Smith
Gregg L. Smith
Attorney for Nilesh Patel

Gregg L. Smith
205 W. Randolph Street
Suite 1700
Chicago, IL 60606
(312) 629-1778